# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# GREENVILLE DIVISION

| | |
|---|---|
| **JERICO HOWARD,** | **PLAINTIFF** |
| **V.** | **NO. 4:07CV096-M-D** |
| **DWIGHT PRESLY, et al.,** | **DEFENDANTS** |

## OPINION DISMISSING CLAIMS

This matter is before the court, *sua sponte*, for consideration of dismissal. Plaintiff, an inmate currently incarcerated at the Mississippi State Penitentiary, files this *pro se* complaint pursuant to 42 U.S.C. § 1983. Despite having been warned of the consequences of his behavior, Plaintiff complains about being placed on property restriction after receiving a Rule Violation Report (RVR) for causing a flood. In a proposed amended complaint, Plaintiff restates the same allegations of property restriction and adds a grievance for prolonged administrative segregation. Howard argues that the duration of the isolation and property restriction was longer than allowed under the Department of Corrections' policies. Finally, by amendment, Plaintiff contends that he is being subjected to retaliation for instituting this suit and other grievances. Despite the lengthy complaint and amendment, Plaintiff essentially is attempted to challenge the RVR and the resulting punishment.

After carefully considering the contents of the *pro se* complaint and giving it the liberal construction required by *Haines v. Kerner*, 404 U.S. 519 (1972), this court has come to the following conclusion.

It is clear that whether claims are habeas corpus or civil rights in nature a plaintiff must be deprived of some right secured to him by the Constitution or the laws of the United States. *Irving v. Thigpen*, 732 F.2d 1215, 1216 (5th Cir. 1984)(citing 28 U.S.C. § 2254(a) (1982); *Baker v.*

*McCollan*, 443 U.S. 137 (1979); and *Trussell v. Estelle*, 699 F.2d 256, 259 (5th Cir. 1983)). In the event there is no constitutional right, the plaintiff's complaint fails. *Irving*, 732 F.2d at 1216 (citing *Thomas v. Torres*, 717 F.2d 248, 249 (5th Cir. 1983)). The Constitution does not demand "error-free decision making ...." *Collins v. King*, 743 F.2d 248, 253-54 (5th Cir. 1984) (quoting *McCrae v. Hankins*, 720 F.2d 863, 868 (5th Cir. 1983)). Federal courts do not "second-guess" the findings and determinations of prison disciplinary committees.

Despite Plaintiff's insistence, the constitution has not been implicated by the facts of this case. *Brown v. Felts*, 128 Fed. Appx. 345, (5th Cir. 2005) (placement in administrative detention does not raise a constitutional issue). Plaintiff was afforded a disciplinary hearing on the RVR, thus meeting the due process requirements of *Wolff v. McDonnell*, 418 U.S. 539 (1974). Furthermore, "a prison officials failure to follow the prison's own policies, procedures or regulations" does not provide a basis for relief. *Stanley v. Foster*, 464 F.3d 565, 569 (5th Cir. 2006) (confiscation of property is not a constitutional violation); *see also Sharp v. Anderson*, 220 F.3d 587, WL 960568 at *1 (5th Cir. 2000) (placement in administrative segregation after being found not guilty of disciplinary charges did not implicate due process concerns).

As for the claim of retaliation, Howard's allegations do not establish a retaliatory motive. *Woods v. Smith*, 60 F.3d 1161, 1166 (5th Cir. 1995) (retaliation claims must be viewed with skepticism). Howard states that he was threatened with mace and a "block gun." His own explanation, however, defeats his claim. Howard clarifies that he was being moved and refused to cooperate until he spoke with an administrator "to seek due process." Officials then threatened to use force to gain compliance. Plaintiff did not create a constitutional issue by shouting the phrase "due process" while refusing to cooperate with prison officials. There being no constitutional right involved and thus no retaliation, there is claim upon which relief may be granted.

The court's dismissal of Plaintiff's complaint for failure to state a claim shall count as a "strike" under 28 U.S.C. § 1915(g). *See Adepegba v. Hammons*, 103 F.3d 383, 387-88 (5th Cir. 1996). By the court's calculation this is Mr. Howard's third strike. *See Jerico Howard v. Michael A. Wilson, et al.,* 4:03cv455 P-D. He, therefore, is barred from proceeding *in forma pauperis* in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. *See* 28 U.S.C. § 1915(g).

A final judgment in accordance with this opinion will be entered.

THIS the 23rd day of July, 2007.

                                               **/s/ Michael P. Mills**
                                               **CHIEF JUDGE**
                                               **UNITED STATES DISTRICT COURT**
                                               **NORTHERN DISTRICT OF MISSISSIPPI**